## Application of CLARK.

(Court of Appeals of District of Columbia. Submitted January 10, 1927. Decided February 7, 1927.)

No. 1891.

Patents ⬤⇒26(1)—Application for patent for rubber paving of blocks, with means of attachment to base, held to disclose invention in certain claims.

Applicant for patent for invention relating to paving or flooring composed of rubber, in which a block of uniform thickness was combined with an interlocking means of attachment to a base, *held* to disclose patentable invention as to part of rejected claims.

Appeal from the Commissioner of Patents.

In the matter of the application of Ernest Clark for patent. From a decision of the Commissioner of Patents, denying his application as to certain claims, applicant appeals. Decision of the Commissioner reversed in part, and affirmed in part.

E. C. Seward, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Clark, appeals from the decision of the Commissioner of Patents, denying the patentability of claims 11 to 28, for an invention relating to paving or flooring composed of rubber. Claims 11 and 20 illustrate the invention in issue, and read as follows:

11. "A paving or flooring element, composed of rubber, having a continuous upper surface and projections on its lower surface for engagement with a support; said projections being arranged in spaced relation, both lengthwise and crosswise of the lower surface of the element."

20. In combination with a relatively hard support, a paving or flooring element composed of rubber having a continuous upper surface and projections on its lower surface for engagement with said support; said projections being arranged in spaced relation, both lengthwise and crosswise of the lower surface of the element."

The claims in issue call for a paving block with a continuous upper surface of rubber, disclosed to be of equal and uniform thickness, and projections on its lower surface, which interlock the rubber with the base, separate from each other, both longitudinally

and transversely of the block, so as to form lugs or studs. The support to which the rubber surface is attached may consist of an iron base, which in turn is embedded in, or rests upon, a plastic concrete layer; or the rubber surface may be embedded directly upon a concrete layer, excluding the necessity of the iron support element.

It was held by the Board of Examiners in Chief that appellant in his specification did not show a structure which would dispense with the iron base, and that he could not, therefore, make claims 11 to 19, inclusive, dispensing with the iron base, for want of support in his original disclosure. This ruling of the Examiners in Chief was properly reversed by the Commissioner, holding:

"The block is an element of the combination, and I see no reason for objecting to a claim which is broad enough to include such rubber block, whether it is connected to an iron base or not. Obviously, the block has its utility independently of the iron support, and it is immaterial that appellant did not state this fact in his original specification."

On this conclusion the Commissioner held that all claims of the type embodied in the first group, 11 to 19, inclusive, are sufficient to warrant the allowance, if they are otherwise patentable. He then proceeded to deny the patentability of all the claims in issue, in view of the prior art.

The prior art does not disclose a block consisting of a rubber surface of uniform thickness, except in the Dessau patent. The references to the patents to Farmer, Dessau, and Anderson all disclose a block supported on an iron base. In Anderson, the rubber block is attached to the iron support by ribs and interlocking grooves in the iron, thus destroying the uniformity of thickness of the rubber, and with nothing to prevent the creeping of the tread along the uniform direction of the ribs and grooves. Appellant's device consists of a block of uniform thickness, so adjusted to the support as to prevent the tread against movement in any direction with respect to the supporting element.

Dessau discloses a block of uniform thickness, with parallel ribs extending underneath and across the block, to be embedded in the iron support; but, like the Anderson device, these ribs are separated from each other only in one direction, with nothing to prevent the creeping of the tread along the direction of the ribs.

In the Farmer patent there is disclosed an interlocking tread, consisting of projections from the metal support extending up into the rubber block, thereby destroying the uniform

thickness of the block, which is one of the chief elements of utility in appellant's device.

We are of opinion that appellant, in combining a block of uniform thickness with an interlocking means of attachment to the base, which will prevent the creeping of the tread in any direction, and which so provides the disposition of the points of contact between the rubber element and its support as to clearly increase its utility, strength, and endurance over anything disclosed in the prior art, is entitled to protection.

It appears, however, that claims 20 to 28 were presented for the purpose of avoiding the effect of the Examiner's rejection of claims 11 to 19, and they differ from claims 11 to 19 only in that they specify the "combination with a relatively hard support." Inasmuch as the holding of the Commissioner, which we have approved, that claims 11 to 19 may be read to this extent on appellant's original disclosure, we think that claims 20 to 28, inclusive, may be eliminated.

The decision of the Commissioner, rejecting claims 11 to 19, inclusive, is reversed, and his decision rejecting claims 20 to 28, inclusive, is affirmed.